hMAX N. TOBIAS, JR., Judge.
Arnold Crabtree (“Crabtree”), the plaintiff in this personal injury case, appeals a judgment rendered by the trial court in a concursus proceeding invoked by Místate Indemnity Company (“Allstate”). We affirm.
This matter arises from a vehicular accident that occurred on 4 February 2000 on the eastbound Interstate 10 twin span bridge crossing Lake Pontchartrain. At the time, Crabtree was driving a tractor-trailer rig owned by his employer, Newman Transport Incorporated (“Newman”), when he had to slow down and stop due to traffic on the bridge. Immediately thereafter, Liu Hsiang Kuo (“Kuo”), who was driving a 1989 Plymouth Acclaim, which was owned by Ti Hua Juan and Ru Ping Chang,[1] Allstate’s named insureds, struck the rear of Crabtree’s tractor-trailer rig. Kuo died at the scene, and his front seat passenger, Yi Tong Sun (“Sun”), died shortly thereafter at Charity Hospital from injuries he received. Rui Hoa Liang (“Liang”), a back seat passenger in the Plymouth Acclaim, survived the accident but was severely injured.
| ^Following the accident, Crabtree filed suit against Kuo’s estate, Allstate, and Canal Indemnity Insurance Company, Newman’s uninsured/underinsured motorist coverage provider. Shortly thereafter, Liang, Newman, and its workers’ compensation insurer, Reliance Insurance Company (Reliance), intervened in the suit.
Allstate later filed a petition of intervention for a concursus, alleging that the automobile liability insurance policy issued to its insureds had limits of $10,000.00 per person and $20,000.00 per accident, insuring the omnibus insured, Kuo, under the terms and conditions of the policy. Allstate named eight potential claimants of the insurance policy’s proceeds: (1) Crab-tree; (2) Liang; (3) Ye Xue Meng, surviv *1070 ing spouse of Sun; (4) Sun Su Dan, the surviving daughter of Sun; (5) Medical Center of Louisiana at New Orleans a/k/a Charity Hospital; (6) E. Eric Guirard & Associates; (7) Newman; and (8) Reliance Insurance Company. Pursuant to La. C.C.P. art. 4658, Allstate deposited $21,219.66 into the registry of the court, which included the policy limits, judicial interest, and costs. Allstate then filed a motion for summary judgment, which the trial court granted, limiting Allstate’s liability to the policy limits and dismissing it from the suit.
On 3 May 2001, the trial court issued a briefing schedule requiring all parties to submit a position memorandum in support of their claim to the concursus proceedings by 1 June 2001. Four of the eight potential claimants filed position memoranda timely. Following a hearing and after considering the position | «memoranda, the trial court rendered judgment distributing the insurance proceeds as follows:
Ye Xue Meng $10,634.22
Sun Su Dan $ 8,487.86
Rui Hoa Liang $ 1,048.79
Newman and Reliance $ 1,048.79
Arnold Crabtree $ 0.00
TOTAL $21,219.66
On appeal, Crabtree argues that the trial court erred in failing to award him any damages from the policy proceeds. He contends that the trial court failed to consider the evidence in the record that supports his claim for damages. Specifically, Crabtree refers to the itemized list of expenses paid to him or on his behalf by Newman and Reliance, which they submitted to the trial court in support of their position memorandum. This list discloses that Newman and Reliance paid $7,861.23 in medical expenses and $646.32 in indemnity benefits as of 25 March 2000.
Crabtree alleged in his position memorandum that the New Orleans Police Department officers arrived at the scene of the accident and conducted an investigation for several hours. During this time, Crabtree was detained at the scene and was in close proximity to Kuo’s dead body and the injured passengers. He was later transported to the Slidell Police Department where he underwent a urinalysis and breathalyzer tests. Results from both tests were negative for any | intoxicating substances. A subsequent test administered by Crabtree’s employer also disclosed no traces of alcohol or drugs. Toxicology tests results from the Orleans Parish Coroner’s Office indicated that Kuo was intoxicated at the time of the accident.
Crabtree further alleged that as a result of the accident he has received and continues to receive medical treatment for severe emotional and psychological injuries he sustained in the accident, including flashbacks, nightmares, sleeping problems, and survivor guilt, anxiety, and depression. He claimed that Michael Bender, M.S.W., treated him after the accident, and that Dudley M. Stewart, Jr., M.D., his current treating physician, has diagnosed him with symptoms of post-traumatic stress syndrome.
As to his employment, Crabtree alleged that at the time of the accident he was earning approximately $500.00 per week and that he was not able to return to work until two weeks after the accident. He claimed that he was involved in another accident on 6 March 2000 and has not returned to work since that date. Crab-tree alleged that he lost approximately $10,000.00 in wages since the 4 February 2000 accident.
Other than the allegations made in his positional memorandum, Crabtree submitted no evidence to support his claims to the trial court. Although he contends the trial court could have considered the itemized list of expenses paid to him or on his behalf by Newman and Reliance, the list does not prove that Crabtree sustained emotional and psychological damages as a *1071 result of the 4 February 2000 |saccident. Nor does it support his claim that he lost approximately $10,000.00 in wages since the accident.
The trial court in its reasons for judgment stated-
Based upon the information submitted u ii/r n t-j. - -u-n r> - by Mr. Crabtree in his Concursus Positional Memorandum, the court finds that he has failed to prove all of the allegations for damages, particularly, the causal connection between his emotional and psychological injuries and the accident. In a negligence action, the plaintiff bears the burden of proving causation between injuries sustained and the accident by a preponderance of the evidence; test to determine if that burden has been met is whether the plaintiff proved through medical testimony that it is more likely than not that subsequent injuries were caused by the accident.
Similarly, the court finds that plaintiff failed to sufficiently prove that he suffered a loss of income due to this accident. In order to recover for actual wage loss, a plaintiff must prove that he would have been earning wages, but for the accident in question. A claim for lost wages may not be proven with mathematical certainty; it only requires such proof as reasonably establishes the claim. This may consist of the plaintiffs own testimony. However, to allow a plaintiff to recover damages for lost wages when there is no independent support of the plaintiffs claim is highly speculative. (Footnotes omitted.)
After reviewing the record in this case, we cannot say that trial court erred in its allocation of the Allstate insurance policy proceeds that had been deposited in the registry of the court.
Crabtree further complains that the trial court abused its discretion by requiring him to satisfy a burden of proof that the other claimants to the concursus proceeding were not required to meet. As an example, he points to the trial court’s awarding Meng and Dan, the surviving spouse and child of Sun, a portion of the insurance proceeds where they failed to submit any documentary evidence to prove -kthat ?un was at Parity Hospital or died as a result oí injuries sustained m , ., 0 6 ECC1 en '
In addition to Newman and Reliance, Liang also submitted documentary evidence, i.e., medical records, with his positional memorandum to prove that he had sustained injuries in the accident. However, Meng and Dan, like Crabtree, failed to submit any documentary evidence to their positional memorandum to support their claims. Nevertheless, the pleadings in the record, including Allstate’s petition to invoke the concursus and all potential claimants’ positional memoranda, allege that Sun died as a result of his injuries sustained in the accident. This fact was never disputed. Nothing in the reasons for judgment indicates that the trial court arbitrarily applied the correct burden of proof to Crabtree but not to the other claimants. We find no merit to this assignment of error.
Finally, Crabtree argues that the trial court abused its discretion by refusing to grant his motion for new trial to review his medical records, which he submitted in support of the motion.
A trial court has vast discretion to grant a new trial when it is convinced that a miscarriage of justice has resulted, and, unless an abuse of discretion can be demonstrated, a trial court’s action in granting or denying a new trial on discretionary grounds will not be reversed. Johnson v. Missouri Pacific Railroad Co., 00-0980 (La.App. 3 Cir. 7/25/01), 792 So.2d 892, 896. After reviewing the record in this matter, we do not find that the trial court abused its discretion. This assignment of error is without merit.
^Accordingly, for the above reasons, the judgment of the trial court rendered on 12 *1072 December 2001 in the concursus proceeding is affirmed.
AFFIRMED.
ARMSTRONG, J., dissents.

. In its judgment and reasons for judgment, the trial court refers to Allstate’s insured as Ru Ping Pang, but the copy of the Allstate Insurance Policy in the record lists Ru Ping Chang as a named insured.