JOY COSSICH LOBRANO, Judge.
11 This domestic matter is a relocation case. Appellant, Daniel Whittington (“Father”), appeals the district court’s judgment allowing the minor son of Father and Appellee, Monica Hookfin (“Mother”), to relocate from the New Orleans area to Texas with Mother.
FACTUAL AND PROCEDURAL HISTORY
Father and Mother were never married, but are the biological parents of one minor child (“Child”), ten years old at the time of trial. Since Child’s birth, he has resided in Louisiana with Mother. Father did not live with Mother except for a brief period following Hurricane Katrina. Father has enjoyed joint custody of Child since Child was about two years old. Pursuant to the parties’ custody agreement, during that *1237 period Father has enjoyed physical custody of Child every other weekend, half of all holidays, and part of the summer (although in 2014 Child spent the majority of the summer with Father and in 2015 Child spent the majority of the summer with Mother).
|2On May 18, 2015, Mother sent Father a “Notice of Intent to Relocate” the minor child to League City, Texas (“Notice”). Father did not retrieve the letter containing the Notice until June 1, 2015. The Notice stated, inter alia, that Mother intended to relocate from New Orleans, Louisiana, to League City, Texas with Child, and included Mother’s intended new residence and mailing address. It listed Mother’s intended move date as August 20, 2015.
On or around May 21, 2015, Mother graduated with her associate’s degree in nursing from the Charity Hospital School of Nursing/Delgado. Mother had held a student position as a Patient Care Technician, which she relinquished a week before graduation because she became ineligible for it upon completing her studies. She planned to take the nursing board examination and then to enroll in a Nurse Anesthetist program offered by University of Texas Medical Branch (“UTMB”). Accordingly, on June 1, 2015, Mother went to League City, Texas to begin studying for the exam, bringing Child with her.
Father filed an Objection to Relocation on June 26, 2015, and the matter was set for show cause hearing on August 5, 2015. At the hearing, the district court heard extensive testimony from Father, Mother, Mother’s mother (“Grandmother”), and Mother’s fiancé.
Immediately following the August 5, 2015 hearing, the district court issued oral reasons from the bench overruling Father’s Objection and granting Mother permission to relocate to Texas with Child. A subsequent judgment was entered on | ¡(August 17, 2015. Father filed a motion for new trial, which the district court denied on August 20,2015.
Father filed the instant appeal, making six assignments of error: (1) the district court erred by improperly placing the burden of proof on Father instead of Mother, the relocating parent; (2) the district court erred by failing to find that Mother’s request for relocation was made in good faith; (3) the district court erred in reaching the “best interest” prong of the relocation statute’s test, without first finding the relocation request was made in good faith; (4) the district court erred by failing to consider all the relocation factors in determining whether relocation was in Child’s best interest; (5) the district court erred by denying Father’s motion for new trial because the overruling of Father’s Objection to Relocation was contrary to law and evidence; and (6) the district court erred by denying Father’s motion for new trial based upon ineffective assistance of counsel.
DISCUSSION
The district court’s determination in a relocation case is entitled to great weight and may only be overturned upon a clear showing of abuse of discretion. Curole v. Curole, 02-1891, p. 4 (La.10/15/02), 828 So.2d 1094, 1096. In conducting our review to determine whether the district court abused its discretion, we must accept each factual finding the district court made in arriving at its conclusion, unless a particular factual finding is manifestly erroneous. LaGraize v. Filson, 2014-1353, p. 15 (La.App. 4 Cir. 6/3/15), 171 So.3d 1047, 1054. However, when an “error of law skews the trial court’s finding of a material issue Lof fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de *1238 novo.” Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 735. If “the legal error does not affect all the [fact-finder’s] findings,, the appellate court should confíne its de novo review to only those findings that have been interdicted by the error.” Banks v. Children’s Hosp., 2013-1481, p. 13 (La.App. 4 Cir. 12/17/14); 156 So.3d 1263, 1272, citing Picou v. Ferrara, 483 So.2d 915, 918 (La.1986); Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co., 2005—1139, p. 3 (La.11/29/06), 946 So.2d 133, 135-36.
“‘Relocation’ means a change in the principal residence of a child for a period of sixty days or more, but does not include a temporary absence from the principal residence. La. R.S. 9:355.1(2); ‘The person proposing relocation has the' burden of proof that the proposed relocation is made in good faith and is in the best interest of the child.’ La. R.S. 9:355.10; see also, Bonnette v. Bonnette, 2015-0239, p. 18 (La.App. 4 Cir. 2/17/16), 185 So.3d 321, 332. Accordingly, a parent seeking relocation bears a two-part burden to show: (1) that the proposed relocation is made in good faith; and (2) that the proposed relocation is in the. best -interest of' the child.” Curole, 2002-1891 at p. 5, 828 So.2d at 1097. “If an objection to the relocation is made in accordance with R.S. 9:355.7, the person wishing to relocate must prove by a preponderance of the evidence, on contradictory hearing, that relocation meets the good faith and. best interest standards.” La.Rev.Stat. Ann. §. 9:355.10 cmt. a.
1 rJ. Burden of Proof
On appeal, Father’s first assignment of error is that the district court erroneously placed the burden of proof upon him, the non-relocating parent, in violation of the clear directive of La. R;S. 9:355.10, requiring that “[t]he person proposing relocation has the burden of proof....”'
The hearing transcript reflects that that the district court did hot misallocate the burden of proof.' While the district court judge misspoke at one point, referring to a “burden to deny relocation,” she immediately corrected herself, stating “the burden is on her [i.e. Mother],” and again “she has the burden to prove- [that it’s in Child’s best interest];” and a third time “Has she met her burden? I believe that she has.” On this record, we find that the record is clear that the district court did not misallo-cate the burden of proof to Father, and therefore the first assignment of error is without merit.

2. Good Faith Requirement

In his second and third assignments of error, Father contends that the district-court erred in failing to find that Mother’s relocation request was made in good faith, and erred in reaching the best interest prong of the relocation test without a finding of good faith. It is true that the district court did not make any finding regarding good faith.[1]. We therefore consider the question of Mother’s good faith de novo based on our review of the record.[2]
*1239 awhile the relocation statute requires a good faith finding, it does not define the term. However, ‘jurisprudence has defined the meaning of the term good faith in this context as a legitimate or valid reason for the move.” McLain v. McLain, 2007-0752, p. 13-14 (La.App. 4, Cir. 12/12/07); 974 So.2d 726, 734. In contrast, “[r]elocations that are based on a frivolous reason, no reason, or just to interfere with the noncustodial parent’s visitation with the children do not satisfy the good faith requirement.” Id. (internal quotations and citations omitted). Legitimate reasons for relocation include: to be close to significant family or other support networks; for significant health reasons; to protect the safety of the child or another member of the child’s household' from a significant risk-of harm; to pursue a'significant employment or educational opportunity; or to be with one’s spouse (or equivalent) who is established, or is pursuing a significant employment or educational opportunity in another location. Id.
Mother’s Notice recited that she intended to relocate to Texas (1) to be close to significant family and other sources of support, (2) to pursue a significant employment and educational opportunity, (3) to be with her spouse who lives in the new location, and (4) to significantly improve the family’s quality of life. Uncontroverted testimony adduced at trial supports these contentions. Mother has extended family near in age to her and with whom she had become close during |7her Katrina evacuation, within thirty miles of League City, Texas (a Houston suburb). Grandmother testified that she expected to visit frequently with Mother’s father and did not see the flight or travel time* to Houston as a barrier to visiting. As well, Mother and Child would be living with Mother’s fiancé, soon to be husband/stepfather, who was significantly and positively, involved in Child’s life,.. - * ..
Mother also testified that she had researched post-nursing school opportunities, and had decided on a nurse anesthetist program. at UTMB. She also noted that independent of this additional credential which she hoped to achieve, with her R.N., starting base pay would be higher in the Houston area than New Orleans. While not yet married, she and her fiancé (whom she had dated for three years) had set a wedding date nine months post-trial. Her fiancé testified that his company had required him to relocate to Houston due to the expanded flight access' to destinations he was required to visit to perform his job.
Thus, the record in this 'case reflects that Mother was not moving for a frivolous reason, or to limit access of .Father to Child,[3] but for all of the valid reasons itemized in the Notice. Accordingly, upon our de novo review of the record, we find that Mother proved that the proposed relocation was in good faith. ’ Thus, Father’s second and third assignments of error are without merit.
We also pause here to address Father’s contention that Mother’s travel to Texas on June 1, 2015 amounted to an unauthorized relocation of Child, without |shis express written consent or a court order in violation of Lar R.S.- 9:355.12.[4] We *1240 find instead that the June 1 travel was a temporary absence from the principal residence for summer vacation. We note in this regard that as of the end of May, both Mother and child had completed their school terms, and it was Mother’s habit to spend her time off with’ Child in Texas. As well, as of that'date, Father had not filed an Objection to the relocation, so as to trigger the provisions La. R.S. 9:355.11. We also note that at the August 5 hearing, Mother gave as her address one located on South Lopez Street in New Orleans, and she had not yet enrolled Child in a Texas school, all suggesting that she Considered Child’s presence with her in Texas temporary, pending the ruling on relocation.

3. Best Interest Factors

Father’s fourth -assignment of error is that the district court erred in failing to consider all of the “best interest” factors required for making its relocation determination.
The legislature has provided twelve factors that courts are to consider in ruling on whether a contested relocation is in the best interest of a child, as follows:
(1) The nature, quality, extent of involvement, and duration of the relationship of the child with the person proposing relocation and with the non-relocating person, siblings, and other significant persons in the child’s life.
|¡j(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development.
(3)The feasibility of preserving a good relationship between the non-relocating person and the child through suitable physical custody or visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child’s views about the proposed relocation, taking into consideration the age and maturity of the child.
(5) Whether there is an- established pattern of conduct by either the person seeking or the person opposing the relocation, either to promote or thwart the relationship of the child and the other party. ~
(6) How the relocation of the child will affect the general quality of life for the child, including but not limited to financial or emotional benefit and educational opportunity. ’
(7) The reasons of each person for seeking or opposing the relocation.
(8). The current employment and economic circumstances of each person and how the proposed relocation may affect the circumstances of the child.
(9) The extent to which the objecting person has fulfilled his financial obligations to the person seeking relocation, including child support, spousal support, and community property, and alimentary obligations.
■ (10) The feasibility of a relocation by the objecting person.
(11) Any history of substance abuse, harassment, or violence by either the person seeking or the person opposing relocation, including a consideration of the severity of the conduct and the failure or success of any attempts at rehabilitation.
(12) Any other factors affecting the best interest of the child.B. The court may not consider whether the person seeking relocation of the child may relocate without the child if relocation is denied or whether the person opposing relocation may also relocate if relocation is allowed.
La. R.S. 9:355.14(A).
|inAnd, while the statute provides that the trial court “shall consider” *1241 the factors, “the trial court is not required to expressly analyze each factor in its oral or written reasons for judgment in a relocation case.” Gathen v. Gathen, 2010-2812, p. 12 (La.5/10/11), 66 So.3d 1, 9; see also, McLain, 2007-0762 at p. 17, 974 So.2d at 736. The district court’s determination on the relocation factors is “entitled to great weight and will not be overturned absent a clear showing of abuse of discretion.” Gathen, 2010-2312 at 13, 66 So.3d at 9, citing Curole, 02-1891 at p. 4, 828 So.2d at 1096.
In the case at bar, the district' court heard extensive testimony and stated repeatedly on the record that she had, in fact, considered' all of the factors. The testimony included Mother’s testimony that she wanted to pursue her nursing examination in Texas to obtain her R.N. certification and then continue in school at UTMB to become a nurse anesthetist. The court also heard testimony that Child has a best friend living across the street from Mother’s fiancé’s home in League City, that Child has extracurricular activities already in place in League City, and that the schools that Mother was considering for Child to attend are Blue Ribbon schools.
As well, the district court heard testimony from Grandmother that reinforced Mother’s testimony that Father had not. been actively involved in the Child’s life (medical appointments, school, extracurricular activities) outside of. his every other weekend visitations over the past eight or nine years. Grandmother also testified that the grandparents would have no problem traveling to Texas frequently to visit Child. Moreover, Mother’s fiancé testified regarding his positive relationship with Child, which includes coaching Child’s basketball team.
lnThe District Court concluded that both Mother and Father had demonstrated their love for their son and that the loving relationship between them both should be continued. The Court reasoned that relocation of Child to League City would not preclude Father from continuing to have his every other weekend visitation with his son if the parents were charged with working out the visitation and the overall parenting with the child’s interests in mind.
On this record, and considering the great weight to which its determination is entitled, we find that the district court did not abusé its discretion in finding that the best interest factors preponderated in favor of rélocation. Accordingly, the’ fourth assignment of error is without merit.

4. New Trial Motions

In his fifth and sixth assignments of error, Father contends that the district court erred in denying his Motion for New Trial on the relocation issue because its judgment was clearly contrary to law and evidence, and because good grounds exist for a new trial based upon ineffective assistance of counsel.
Louisiana Code of Civil Procedure article 1972(1). provides that “[a] new trial shall be granted, upon contradictory motion of any party ... when the verdict or judgment appears clearly contrary to the law and the evidence.” In addition, article 1973 provides that “[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”
Although the denial of a motion for new trial is generally a non-ap-pealable interlocutory judgment, the court may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. Babineaux v. Univ. Med. Ctr., 2015-292, p. 4 (La.App. 3 Cir. 11/4/15), 177 So.3d 1120, 1123. A trial judge has broad discretion in the granting or denying a motion for new trial, and we review a denial under an abuse of discretion stan *1242 dard. Jackson v. Bally’s Louisiana, Inc., 2009-1574, p. 4 (La.App. 4 Cir. 4/7/10) 36 So.3d 1001, 1003-04.
With respect to the denial of the motion for new trial based on Father’s argument pursuant to La.Code Civ. Pro. art.1972(l) that the district court’s judgment allowing relocation was clearly contrary to law and evidence, we disagree. .Rather, as discussed more fully above, on our de novo review of the record we find, that Mother’s relocation was in good faith, and the district court did not abuse its discretion in finding that a weighing of the relocation factors justified the relocation. Accordingly, the fifth assignment of error is without merit.
Father also appeals the district court’s denial of his new trial motion pursuant to La.Code Civ. Pro. art.1973, based on his argument that good grounds exist for a new trial, because he received “ineffective assistance of counsel.” The only support for this contention in his motion is the conclusory statement that “good ground therefor does exist for this Court to grant him a néw trial, namely because he received grossly ineffective assistance of counsel during' the course of these proceedings, and at trial.”
A district court has vast discretion to grant a new trial when it is convinced that there has been a miscarriage of justice. Crabtree v. Estate of Kuo, 02-0612, p. 6 (La.App. 4 Cir. 10/16/02), 830 So.2d 1068, 1071. Moreover, courts have recog-nizéd that when an attorney’s substandard performance operates to effectively deny a litigant his day in court, a miscarriage of justice has occurred. See, e.g., Smith v. Alliance Compressors, 05-855 (La.App. 3 Cir. 2/1/06); 922 So.2d 674 (finding that claimant was entitled to new trial ón miscarriage of justice grounds, because her attorney’s negligence, including, inter alia, failing to oppose summary judgment, denied her her day in court). However, in the case at bar, the 11sdistrict court did not exercise its discretion to find that a miscarriage of justice had occurred. After reviewing the record in this matter, including the entire hearing transcript, we do n'ot find that the district court erred in not finding a miscarriage of justice. Therefore, the sixth'assignment of error is also without merit.
Accordingly, for all of the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED

. .The district court’s second judgment, ruling on the new trial motion, does recite that it finds that Mother "met her burden of showing - the proposed relocation was in good faith and . .in the best interest of the parties' son,” , However, the August 17 judgment, from which Father has appealed, contains no' súch' language; nor was the good faith requirement alluded to in the district court’s oral reasons following the hearing on the objection,

. While with this omission the district court pretermitted consideration of the first prong of the two-pronged relocation test,' we are able to render judgment on the record by conducting the necessary inquiry and determining the essential material facts de novo. Bonnette v. Bonnette, 2015-0239, p. 14 (La. App. 4 Cir. 2/17/16); 185 So.3d 321, 330.

. Indeed, as noted by the district court, but for the 45-minute commuter flight involved, there would be little change from Father’s pre-hearing visitation scheme, except that Child would have to return to Mother’s home on Sunday evening instead’of being delivered to school by Father on Monday morning following his visitation weekends..

. That statute provides: "If timely objection to a proposed relocation is made by a person entitled to object, the person proposing relocation shall not, absent express written consent of the objecting person, relocate the child pending resolution of the, dispute by final order'of the court, unless the person proposing relocation obtains a temporary order pursuant to R.S.,9:355.12.” La, R.S. 9:355.11.