NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-825

CHARLIE PHAM

VERSUS

CHI KIM BUI

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 102647
HONORABLE CHARLES G. FITZGERALD, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED AS AMENDED.

**Afif Jebara**
**1001 W. Pinhook, Building 3, Suite 104**
**Lafayette, LA 70503**
**(337) 232-0055**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Chi Kim Bui**

**Gabe A. Duhon**
**P. O. Box 478**
**Abbeville, LA 70511-0478**
**(337) 893-3423**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Charlie Pham**

**EZELL, Judge.**

Charlie Pham appeals the decision of the trial court awarding domiciliary custody of his daughter, Amy, to Chi Bui in Houston, Texas. Ms. Bui answers the appeal, seeking supervised visitation when the child is with Mr. Pham. For the following reasons, we affirm the decision of the trial court as amended.

Mr. Pham, a naturalized citizen, married Chi Bui, a Vietnamese national, in Vietnam in February of 2014. Ms. Bui arrived in the United States in October of 2015. Their daughter, Amy, was born July 8, 2016. Because Mr. Pham is legally blind and has no employment, the couple resided at the home of Mr. Pham's godparents in Abbeville. The godparents help Mr. Pham with the basic necessities of life, and he relies on social security disability for income. The godparents also provided for Ms. Bui, who has no driver's license or employment.

In November of 2016, Ms. Bui went to Houston, Texas, to visit her only family residing in the United States. She and Amy were picked up by her aunt and supposed to stay one week for a family memorial service. However, she decided to remain in Houston, and she and Amy did not return to Louisiana. After months with no contact between the two parties and a convoluted procedural history, a consent agreement was approved by the trial court which awarded temporary joint custody, with Ms. Bui named domiciliary parent in Houston.

Mr. Pham later sought a divorce, a denial of relocation for Ms. Bui, and sole custody of Amy. After trial in April of 2018, the trial court granted the divorce, allowed Ms. Bui to remain in Texas, and issued a judgment granting the parties joint custody, with Ms. Bui remaining domiciliary parent. From that decision, Mr. Pham appeals.

Mr. Pham asserts five assignments of error on appeal. He claims that the trial court applied an incorrect burden of proof for relocation; the trial court incorrectly found that the relocation was in good faith; that the trial court erred in assigning weight to the consent agreement allowing temporary relocation; incorrectly assigned weight to a "consideration that was neither alleged nor supported by the evidence"; and that the trial court's decision was not supported by the record. However, the assignments of error overlap so greatly that we will address them as two, one dealing with the relocation, and a second concerning whether the trial court's decision was supported by the record.[1]

Ms. Bui answers the appeal, claiming that the trial court erred in excluding proffered evidence regarding the conviction and registration as a sex offender of Mr. Pham's family friend, Hoang Tran, and that the trial court erred in not requiring supervision during Mr. Pham's custodial periods.

It is well settled that "courts have inherent power to determine a child's best interest and to tailor a custody order that minimizes the risk of harm to the child. *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986); *Chandler v. Chandler*, 48,891 (La.App. 2 Cir. 12/13/13), 132 So.3d 413. The trial court has vast discretion in deciding matters of child custody and visitation. *Chandler*, 132 So.3d 413. This discretion is based on the trial court's opportunity to better evaluate the credibility of the witnesses. *Id*. Thus, the trial court's findings in child custody matters will not be disturbed on review absent a clear showing of an abuse" of discretion. *Id*.

---

[1] Mr. Pham's assignment of error alleging that the trial court erred in "assigning any weight to a consideration that was neither alleged nor supported by evidence" is both vague and unbriefed. The court may consider as abandoned any specification or assignment of error which has not been briefed. Uniform Rules, Courts of Appeal, Rule 2–12.4. Accordingly, we need not address that assignment of error.

Likewise, "[a] trial court's determination in a relocation matter is entitled to great weight and will not be overturned [on] appeal absent a clear showing of abuse of discretion." *Curole v. Curole*, 02-1891, p. 4 (La. 10/15/02), 828 So.2d 1094, 1096. "In conducting our review to determine whether the district court abused its discretion, we must accept each factual finding the district court made in arriving at its conclusion, unless a particular factual finding is manifestly erroneous." *State ex rel. Dep't of Soc. Servs. v. Whittington*, 15-1118, 15-1119, p. 3 (La.App. 4 Cir. 5/18/16), 193 So.3d 1234, 1237 (citing *LaGraize v. Filson*, 14-1353 (La.App. 4 Cir. 6/3/15), 171 So.3d 1047).

First, we disagree with Mr. Pham's assertion that the trial court applied an incorrect burden of proof regarding relocation. During the nearly fifty-page oral ruling, the trial court correctly and thoroughly cited and discussed all relevant factors listed in La.Civ.Code art. 134 concerning the best interest of the child, as well as the relocation statutes in La.R.S. 9:355.1-9:355.19. The trial court clearly knew and applied the law applicable to this matter. When discussing whether the relocation to Texas was actually made in good faith, the trial court noted that Ms. Bui had no employment, family, or support system in Louisiana. She was not allowed to drive, shop, cook, or venture from the home without Mr. Pham's godparents. The trial court noted that Ms. Bui did not speak English, was not allowed to use the phone, and that her life in Abbeville must have been lonely. In Texas, she had aunts and cousins to act as a support system for her and Amy. Her family in Texas supplemented her income and gave her employment in her uncle's salon while she attended school. The trial court found that if Ms. Bui were forced to return to Abbeville, she would be homeless, with no job or support system, and unable to speak English. Accordingly, the trial court found that Ms. Bui's

3

relocation to Texas was in good faith and in the best interest of the child. We can find nothing in the record before us that indicates that this finding was in error.

Next, Mr. Pham asserts several assignments of error concerning whether the trial court's ruling was supported by the record. Again, we disagree. While the trial court did note that the parties had agreed to the temporary relocation of Amy to Houston in the consent agreement, the record does not indicate that factor was given any improper weight in the custody judgment, as the trial court tediously discussed all relevant factors in determining the best interests of the child. "[D]eterminations concerning the weight of the evidence. . . are well within the trial court's purview and will not be disturbed by this court absent manifest error or an abuse of discretion." *Galland v. Galland*, 14-343, p. 9 (La.App. 3 Cir. 11/26/14), 152 So.3d 1090, 1096, *writ denied*, 15-319 (La. 4/17/15), 168 So.3d 404.

Again, the trial court carefully and thoroughly discussed the factors involved in determining the best interests of the child and found that most of the factors were evenly weighted and favored neither parent. The main distinguishing factor for the trial court was the responsibility for the care and rearing of the child, which the trial court found to favor Ms. Bui. The trial court noted that Ms. Bui was the primary caretaker of Amy, followed by Mr. Pham's godmother, then Mr. Pham. Given Amy's young age, developmental stage, the needs of a young child, and Mr. Pham's disability, we can find no abuse of the trial court's vast discretion in its findings. The trial court's determinations were supported by the record, and Mr. Pham's assignments of error are without merit.

*Ms. Bui's answer to the appeal*

Ms. Bui answers Mr. Pham's appeal, claiming that the trial court erred in excluding evidence regarding Hoang Tran's conviction and registration as a sex

4

offender, and that the trial court erred in not requiring supervision during Mr. Pham's custodial periods due to Hoang Tran's presence in the home.

Ms. Bui first claims that the trial court erred in excluding evidence concerning the criminal past of a family friend of Mr. Pham's godparents, Hoang Tran.  It is well established that a trial court has vast discretion concerning the admissibility of evidence. *Richardson v. Richardson*, 07-430 (La.App. 4 Cir. 12/28/07), 974 So.2d 761. The trial court's decision to admit or exclude evidence will not be reversed on appeal absent a clear showing that it abused that discretion. *Id.* (citing *Boykins v. Boykins*, 04-999, (La.App. 4 Cir. 4/24/07), 958 So.2d 70, *writ denied*, 07-1302 (La. 9/28/07, 964 So.2d 369, *cert. denied*, 553 U.S. 1018, 128 S.Ct. 2082 (2008)).

Ms. Bui attempted to admit into evidence Mr. Tran's criminal record and testimony regarding said record from Deputy Susan Hebert of the Vermilion Parish Sheriff's Office.  However, as counsel for Mr. Pham did not receive the records in question until the day of trial and because he found the contents to be irrelevant and duplicative in the face of partial testimony from Deputy Hebert, the trial court excluded them.  Deputy Hebert testified that while Mr. Tran had temporarily lived at his godparents' house roughly a year before Ms. Bui's arrival in the United States, Mr. Tran currently had a separate residence away from Mr. Pham's home. Further, the fact that Mr. Tran is a registered sex offender had already been established by prior testimony, including that of Deputy Hebert.  Accordingly, the trial court found the records to have no further relevance because they only confirmed facts already in evidence.  We can find no abuse of the trial court's discretion in the exclusion of the records and Deputy Hebert's partial testimony,

especially in light of the fact that opposing counsel did not have proper time to review the documents at issue. This assignment of error is without merit.

Finally, Ms. Bui claims that the trial court erred in failing to require that visitation be supervised while Amy is with Mr. Pham. Ms. Bui is understandably concerned with Amy having contact with a registered sex offender. As discussed above, the excluded reports and Deputy Hebert's admissible testimony indicate that Mr. Tran does not live with Mr. Pham. The trial court noted that Mr. Pham relies on his extended family for support due to his disability and that this support could be undercut by completely barring Mr. Tran from the home, as Mr. Tran is the captain of Mr. Pham's godfather's shrimping boat. Mr. Tran is, therefore, deeply involved in the family's source of income and is frequently at the home. The trial court believed that Amy would be sufficiently protected by decreeing that Mr. Tran never be left alone with Amy and that supervised visitation would not be required. We can find no error in the trial court's finding that supervised visitation is not required at all times for Amy's visits with Mr. Pham. We entirely agree with the trial court's decree that Mr. Tran should never be left alone with Amy. However, due to Mr. Pham's visual impairment, we find that the best interests of the child require that when Mr. Tran is in the family home or around Amy in any way, at least one adult, besides Mr. Pham, also be present to ensure Amy's safety. We hereby amend the trial court's decision to require at least one fully-sighted adult be present any time Mr. Tran is around Amy, even if Mr. Pham is nearby.

For the above reasons, we hereby amend the custody judgment of the trial court to require that when Hoang Tran is in the presence of Amy, Mr. Pham and/or a fully- sighted adult be present to ensure her safety. Mr. Pham may not have Amy in the presence of Hoang Tran without another adult present. The decision is

6

affirmed in all other respects.  Costs of this appeal are hereby assessed against Mr.

Pham.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.